MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bianca Alvarez, et al., | No. CV 16-02192-PHX-JAT (DKD) |
| Plaintiffs, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is the Magistrate Judge's Report and Recommendation, which recommends that the Court "consider the issue of possible remand" to the state court. (Doc. 27.) Also pending is Defendants' Motion to Clarify Remand Status and to Stay Initial Disclosure Deadline. (Doc. 28.) The Court will accept the Report and Recommendation, grant Defendants' Motion to the extent this Order clarifies the status of this case and eliminates the need for discovery deadlines, decline to exercise supplemental jurisdiction over the remaining state law claims, and terminate this action.

**I.  Background**

Plaintiffs, the surviving family members of decedent Anthony Allen, brought this case pursuant to 42 U.S.C. § 1983 and Arizona state law regarding the death of Allen, who was an inmate in the Arizona Department of Corrections (ADC). On November 9, 2016, the Court denied as moot a Motion to Dismiss Plaintiffs' First Amended Complaint (FAC) filed by Defendants Charles Ryan, James O'Neill, Gerald Thompson, the State of Arizona, and the ADC (referred to collectively as the "State Defendants"). (Doc. 20.)

1  The Court did so in light of the parties' Stipulation Regarding the State Defendants' Motion to Dismiss. (*Id*. at 2-3, citing Doc. 19.) The Stipulation agreed to the dismissal with prejudice of the ADC, Count Five, and all federal claims against the State Defendants, leaving only state law claims in Counts One and Six. (Doc. 19 at 1-2.) Although only state law claims would remain, the parties asked the Court to exercise its discretion and retain jurisdiction of this matter once Plaintiffs amended their complaint. (*Id*. at 2-3.)

The Court accepted the parties' Stipulation in part, and dismissed with prejudice the ADC as a Defendant, and Counts Two, Three, Four and Five of the FAC. (Doc. 20 at 3.) The Court dismissed Plaintiffs' FAC and permitted Plaintiffs leave to file a second amended complaint. (*Id*.) The Court noted in the Order that if Plaintiffs filed an amended complaint that asserted only state law claims, as contemplated by their Stipulation, the Court intended to decline the parties' request to retain jurisdiction over those remaining claims. (*Id*.)

On November 21, 2016, Plaintiffs filed a Second Amended Complaint (SAC) asserting claims under Arizona law for recklessness, gross negligence, and wrongful death. (Doc. 21 at 4, 6-11.) The SAC asserts that "[t]his Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona pursuant to 28 U.S.C. § 1376(c)." (*Id*. at 4.) The remaining State Defendants have filed an answer to the SAC (Doc. 22), and the Magistrate Judge has issued Scheduling Orders (Docs. 23, 26) and a Report and Recommendation to withdraw the reference to the Magistrate Judge and consider the issue of possible remand to state court (Doc. 27).[1] The Magistrate Judge reported that "[a]lthough the parties prefer the federal forum, they also understand that if the federal court will decline to exercise its supplemental jurisdiction and remand the

---

[1] The Magistrate Judge issued his Report on Recommendation on March 6, 2017, notifying the parties that they may file written objections within 14 days. No party filed objections.

- 2 -

case, it is better to know of that action at the outset of the case rather than midstream." (Doc. 27 at 1.)

In their Motion to Clarify, Defendants ask the Court to clarify whether this action with remain with this Court or be remanded to the Superior Court of Arizona. (Doc. 28 at 1.)

## II. Discussion

As the Court noted in its prior Order, a district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape and Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (observing that § 1367(c)(3) "derives from [the Supreme Court's] admonition that '[n]eedless decisions of state law should be avoided'") (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 723 (1966)). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

In this case, the Court dismissed with prejudice all of Plaintiffs' federal claims pursuant to the parties' Stipulation to dismiss those claims. Plaintiffs have now filed their SAC, asserting only state law claims. This case is early in proceedings and the

parties have not begun discovery. Plaintiffs' state law claims are more properly addressed by the Arizona courts, which are charged with administering the laws of Arizona and are more familiar with state law claims. Thus, the balance of factors tilts strongly in favor of declining to exercise supplemental jurisdiction because state law claims are "best resolved by state courts." *Salman v. City of Phoenix*, No. CV 11-00646-PHX-FJM, 2011 WL 5024263, at *4 (D. Ariz. Oct. 21, 2011). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will dismiss those claims without prejudice to Plaintiffs refiling them in the Arizona state court.[2]

**IT IS ORDERED:**

(1) The Magistrate Judge's Report and Recommendation (Doc. 27) is **accepted**.

(2) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Clarify Remand Status and to Stay Initial Disclosure Deadline (Doc. 28), and the Motion is **granted** to the extent this Order clarifies the status of this case and eliminates the need for discovery deadlines.

(3) The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and those claims and Plaintiffs' Second Amended Complaint are **dismissed without prejudice**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] The Court cannot remand this case to state court because Plaintiffs filed their original Complaint in this Court, not state court.

- 4 -

(4) The Clerk of Court must enter judgment accordingly and terminate this action.

Dated this 13th day of April, 2017.

James A. Teilborg
Senior United States District Judge